

**FILED**

Feb 02 2022

**CLERK, U.S. DISTRICT COURT**
**SOUTHERN DISTRICT OF CALIFORNIA**
BY _____ s/ charlest _____ **DEPUTY**

~~SEALED~~

ORDERED UNSEALED on **02/08/2022   s/ anthonyh**

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

December 2020 Grand Jury

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>       Plaintiff,<br><br>   v.<br><br>ROBERTO SALAZAR II (1),<br>JOSE ERNESTO LOPEZ (2),<br>JUAN CARLOS ZEPEDA-SANTOS (3),<br><br>       Defendants. | Case No.    '22 CR216 JLS<br><br>I N D I C T M E N T<br><br>Title 21, U.S.C., Secs. 841(a)(1) and 846 - Conspiracy to Distribute Controlled Substances; Title 21, U.S.C., Sec. 841(a)(1) - Possession with Intent to Distribute Fentanyl; Title 21, U.S.C., Secs. 952 and 960 - Importation of Fentanyl; Title 18, U.S.C., Sec. 2 - Aiding and Abetting; Title 21, U.S.C., Sec. 853 - Criminal Forfeiture |

The grand jury charges:

<u>Count 1</u>

Beginning on a date unknown to the grand jury, but at least as early as April 2016, and continuing up to and including the date of this Indictment, within the Southern District of California and elsewhere, defendants ROBERTO SALAZAR II, JOSE ERNESTO LOPEZ, and JUAN CARLOS ZEPEDA-SANTOS, did knowingly and intentionally conspire together and with each other and with other persons known and unknown to the grand jury, to distribute 1 kilogram and more of a mixture and substance

MAD:nlv(1):San Diego:2/2/22

containing a detectable amount of heroin, a Schedule I Controlled Substance; 50 grams and more of methamphetamine (actual), a Schedule II Controlled Substance; 5 kilograms and more of a mixture and substance containing a detectable amount of cocaine, a Schedule II Controlled Substance; and 400 grams and more of a mixture and substance containing a detectable amount of N-phenyl-N-[1-(2-phenylethyl)-4-piperidinyl] propanamide (commonly known as fentanyl), a Schedule II Controlled Substance; all in violation of Title 21, United States Code, Sections 841(a)(1) and 846.

### Count 2

On or about September 12, 2021, within the Southern District of California, defendant ROBERTO SALAZAR II, did knowingly and intentionally import 400 grams and more of a mixture and substance containing a detectable amount of N-phenyl-N-[1-(2-phenylethyl)-4-piperidinyl] propanamide (commonly known as fentanyl), a Schedule II Controlled Substance; in violation of Title 21, United States Code, Sections 952 and 960, and Title 18, United States Code, Section 2.

### Count 3

On or about January 20, 2022, within the Southern District of California, defendant JOSE ERNESTO LOPEZ, did knowingly and intentionally possess with intent to distribute 400 grams and more of a mixture and substance containing a detectable amount of N-phenyl-N-[1-(2-phenylethyl)-4-piperidinyl] propanamide (commonly known as fentanyl), a Schedule II Controlled Substance; in violation of Title 21, United States Code, Section 841(a)(1).

//
//
//

2

1   Count 4

2      On or about January 22, 2022, within the Southern District of
3   California, defendant JUAN CARLOS ZEPEDA-SANTOS, did knowingly and
4   intentionally import 400 grams and more of a mixture and substance
5   containing a detectable amount of N-phenyl-N-[1-(2-phenylethyl)-4-
6   piperidinyl] propanamide (commonly known as fentanyl), a Schedule II
7   Controlled Substance, in violation of Title 21, United States Code,
8   Section 841(a)(1).

9   FORFEITURE ALLEGATIONS

10      1.   The allegations contained in Counts 1through 4 are hereby re-
11   alleged and by their reference fully incorporated herein for the purpose
12   of alleging forfeiture to the United States of America pursuant to the
13   provisions of Title 21, United States Code, Section 853.

14      2.   Upon conviction of one and more of the felony offenses alleged
15   in Counts 1 through 4 of this indictment, said violations being
16   punishable by imprisonment for more than one year and pursuant to
17   Title 21, United States Code, Sections 853(a)(1) and 853(a)(2),
18   defendants ROBERTO SALAZAR II, JOSE ERNESTO LOPEZ, and JUAN CARLOS
19   ZEPEDA-SANTOS shall forfeit to the United States any and all property
20   constituting, and derived from, any proceeds that the defendants
21   obtained, directly and indirectly, as the result of the offenses, and
22   any and all property used and intended to be used in any manner and part
23   to commit and to facilitate the commission of the violations alleged in
24   Counts 1 through 4 of this indictment.

25   //
26   //
27   //
28   //

3

3.   If any forfeitable property, as a result of any act or omission of the defendants:

        a.   cannot be located upon the exercise of due diligence;

        b.   has been transferred or sold to, or deposited with, a third party;

        c.   has been placed beyond the jurisdiction of the Court;

        d.   has been substantially diminished in value; or

        e.   has been commingled with other property which cannot be subdivided without difficulty;

it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p), to seek forfeiture of any other property of the defendants up to the value of the said property listed above as being subject to forfeiture.

All in violation of Title 21, United States Code, Section 853.

DATED:   February 2, 2022.

RANDY S. GROSSMAN
United States Attorney

By: _____
MICHAEL A. DESHONG
ROBERT J. MILLER
Assistant U.S. Attorneys

4